10-4540-ag
Moniung v. Holder

BIA
Weisel, IJ
A096 427 449

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of December, two thousand eleven.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

JANNE JOHANNES MONIUNG,
*Petitioner,*

v.                                        10-4540-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Daniel E. Goldman, Senior
                       Litigation Counsel; Matthew A.
                       Spurlock, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Janne Johannes Moniung, a native and citizen of Indonesia, seeks review of an October 5, 2010, decision of the BIA affirming the October 6, 2009, decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moniung*, No. A096 427 449 (B.I.A. Oct. 5, 2010), *aff'g* No. A096 427 449 (Immig. Ct. N.Y. City Oct. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Moniung does not challenge the agency's pretermission of asylum, individualized persecution finding,

or denial of CAT relief, we address only the merits of withholding of removal based on a claimed pattern or practice of persecution of Christians in Indonesia. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For withholding of removal based on future harm, applicants can show either that they would likely be singled out for persecution on account of a protected ground or that there is a pattern or practice of persecution of a group of similarly situated persons. 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008). Moniung argues that the evidence in the record demonstrates that there is a pattern or practice of persecution of Christians in Indonesia. To establish a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

The agency reasonably concluded that Moniung failed to establish the existence of a pattern or practice of

3

persecution of Christians in Indonesia, as it relied on country conditions evidence in the record, Moniung's testimony that he knew of only one attack against Christians in Indonesia in the previous two years, the fact that 98 percent of the population in the area in which his family lived were Christians, and Moniung's failure to provide any evidence of harm to Christians in that area. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (upholding agency conclusion of no pattern or practice of persecution in case involving similar country conditions evidence).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4